**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO AYALA-PORTILLO, | No.   15-71396 |
| Petitioner, | Agency No. A206-269-201 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2018**
Pasadena, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and HOYT,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Pedro Ayala-Portillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA) order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA did not err by denying Ayala-Portillo asylum or withholding of removal because he did not show he belongs to a particular social group. The proposed group of "people who are extorted and return to their home countries to file a report" lacks social distinction and particularity. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016). The same is true for his proposed groups of "crime witness" and "resisting gang oppression." While family membership is a cognizable social group, Ayala-Portillo failed to establish a sufficient nexus between the harm alleged and membership in a particular group. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). He has not demonstrated that he will face persecution on account of a protected ground if he is returned to Guatemala.

2.      The BIA did not err by denying Ayala-Portillo CAT relief because he has not demonstrated that it is more likely than not he will be tortured with state acquiescence if removed. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th

---

[1] The parties are familiar with the facts so we do not repeat them here.

Cir. 2013). Ayala-Portillo reported that he was the victim of extortion. He filed a police report and the police investigated. That they have been unable to apprehend the perpetrator does not satisfy Ayala-Portillo's burden.

**PETITION DENIED**.